Defendants appeal from a judgment of the Superior Court, Law Division, setting aside, as "whimsical, arbitrary and unreasonable," the refusal of defendants as the governing body of the Township of South Hackensack, to consent to the application of the plaintiff for permission to extend the water line of the plaintiff Water Company within said municipality and directing appellants to reconsider said application, and directing that "in the reconsideration of this request for consent, that only the matter of the convenience to the public or the obstruction or interference with *Page 309 
public travel on Green Street, or the damage to or the restoration of the surface of Green Street, be considered."
Plaintiff applied to said Township Committee for consent to lay 137 feet of 16-inch pipe in Green Street in said township south of the present end of the main south from Wesley Street, to supply water to Graphic Arts Realty Company, Inc., by an extension of the present main to its premises on Green Street in the Borough of Teterboro, about 500 feet south of the boundary line between South Hackensack Township and the Borough of Teterboro.
The record discloses that there was considerable discussion of the matter between a representative of plaintiff company and the Township Committee, and later a conference between the defendants and other officers of their municipality with a representative of the Borough of Teterboro took place, with no result satisfactory to defendants. Plaintiff received a letter from the clerk of the township, under date of May 24, 1948, as follows:
"By order of the Township Committee and by advice of the Township Attorney, I beg to advise you that no permit will be given to your company to extend water line on Green Street, into the Borough of Teterboro, until the Borough of Teterboro enters into an agreement with the Township of South Hackensack in relation to joint use of public utility."
Subsequently, formal application for a permit was filed with the defendants and no formal action has been taken thereon, except that the mayor testified that the refusal to grant the permit was due to the failure of the Borough of Teterboro to enter into an agreement with defendants for the Township of South Hackensack with respect to a number of matters, with none of which is plaintiff's application concerned.
We conclude that the appellants should give due consideration to the application of plaintiff, in light of the statute controlling. All parties agree that R.S. 48:19-17 is applicable. That statute reads:
"Each such company may lay its pipes beneath such public roads, streets, and alleys as it may deem necessary for its corporate purposes, free from all charge to be made by any person or body politic whatsoever for such privilege, and may also construct and maintain *Page 310 
hydrants on and along such streets and alleys, provided that the consent shall be obtained of the corporate authorities of the municipality through which the pipes may be laid."
It is obvious that the intent of the statute is to confer upon the water company the right to lay water pipes in the public streets, subject only to the imposition of such lawful conditions as may be required by public interests.
The judgment under review is modified to provide that the defendants give due consideration to the application of plaintiff, dated August 6, 1948, to lay the pipe in question and that, in consideration of the question only the matter of the public interest in connection with the particular application of plaintiff be considered, and, if consent is granted, affixing only such conditions as the public interest therein require.
The judgment is otherwise confirmed.